**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

ADAPTIX, INC.,

Plaintiff,

v.

APPLE INC., and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,

Defendants.

Civil Action No. 6:12-cv-0124

**JURY TRIAL DEMANDED**

**APPLE INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Apple Inc. ("Apple") hereby responds to the allegations set forth in the Complaint of Plaintiff ADAPTIX, Inc. ("Adaptix") and assert counterclaims as follows:

## PARTIES[1]

1. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1, and therefore denies them.

2. Apple admits that it is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014, that it does business in this District at the Apple Store at 6121 West Park Boulevard, Plano, Texas 75093, and that its registered agent for service of process in Texas is CT Corporation Systems, 350 N. St. Paul St., Dallas, Texas 75201. Apple denies the remaining allegations of paragraph 2.

3. No answer is required to the allegations in paragraph 3 as they are directed to another party. To the extent that an answer is required, Apple is without knowledge or

[1] For convenience and clarity, Apple's Answer uses the same headings as set forth in the Complaint. In so doing, Apple does not admit any of the allegations contained in Adaptix's headings.

information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and therefore denies them.

## JURISDICTION AND VENUE

4. Apple admits that this action purports to arise under the patent laws of the United States, Title 35. Apple admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Apple admits, for this action only, that venue is proper in this District under 28 U.S.C. §§ 1391 (b-c) and 1400(b). Apple denies that venue in this district is convenient or in the interests of justice under 28 U.S.C. § 1404(a). Apple admits that it does business in this District. Apple denies the remaining allegations of paragraph 5 as they relate to Apple. No answer is required to the allegations in paragraph 5 to the extent that they are directed to another party.

6. Paragraph 6 contains conclusions of law to which no response is required. To the extent that an answer is required, Apple admits that it does business in Texas and in this District. Apple denies the remaining allegations of paragraph 6. No answer is required to the allegations in paragraph 6 to the extent that they are directed to another party.

## COUNT I
**(Infringement of U.S. Patent No. 7,454,212)**

7. Apple admits that the Complaint purports to attach a true and correct copy of the U.S. Patent No. 7,454,212 (the "'212 patent") as Exhibit A. Apple further admits that the '212 patent states on its face that it is entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING." Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7, and therefore denies them.

8. Apple denies the allegations in paragraph 8.

9. No answer is required to the allegations in paragraph 9 as they are directed to another party. To the extent that an answer is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9, and therefore denies them.

10. To the extent the allegations of paragraph 10 are directed to Apple, Apple denies them. To the extent the allegations of paragraph 10 are directed to another party, no answer is required; to the extent an answer is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

11. To the extent the allegations of paragraph 11 are directed to Apple, Apple denies them. To the extent the allegations of paragraph 11 are directed to another party, no answer is required; to the extent an answer is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

## COUNT II
## (Infringement of U.S. Patent No. 6,947,748)

12. Apple admits that the Complaint purports to attach a true and correct copy of the U.S. Patent No. 6,947,748 (the "'748 patent") as Exhibit B. Apple further admits that the '748 patent states on its face that it is entitled "OFDMA WITH ADAPTIVE SUBCARRIER-CLUSTER CONFIGURATION AND SELECTIVE LOADING." Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12, and therefore denies them.

13. Apple denies the allegations in paragraph 13.

14. No answer is required to the allegations in paragraph 14 as they are directed to another party. To the extent that an answer is required, Apple is without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 14, and therefore denies them.

15. To the extent the allegations of paragraph 15 are directed to Apple, Apple denies them. To the extent the allegations of paragraph 15 are directed to another party, no answer is required; to the extent an answer is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

16. To the extent the allegations of paragraph 16 are directed to Apple, Apple denies them. To the extent the allegations of paragraph 16 are directed to another party, no answer is required; to the extent an answer is required, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

## PRAYER FOR RELIEF

Apple denies that Adaptix is entitled to any of the relief requested.

## APPLE'S DEFENSES TO ADAPTIX'S COMPLAINT

### FIRST AFFIRMATIVE DEFENSE
**(Non-Infringement)**

Adaptix is not entitled to any relief against Apple because Apple has not directly infringed any claim of U.S. Patent Nos. 7,454,212 ("the '212 patent") or 6,497,748 ("the '748 patent") and has not actively induced infringement, contributed to infringement, or otherwise committed any act giving rise to liability for infringement of the '212 patent or the '748 patent under 35 U.S.C. §271.

### SECOND AFFIRMATIVE DEFENSE
**(Invalidity)**

One or more claims of the '212 patent or the '748 patent are invalid or unenforceable under one or more of 35 U.S.C. §§ 101, 102, 103, 112, 116 and 120.

**THIRD AFFIRMATIVE DEFENSE**
**(Laches, Waiver, Estoppel, Unclean Hands)**

Adaptix's claims are barred, in whole or in part, by estoppel, laches, waiver, unclean hands, and/or other equitable doctrines.

**FOURTH AFFIRMATIVE DEFENSE**
**(Prosecution History Estoppel)**

Adaptix is estopped from construing any claim of the '212 patent or the '748 patent to cover or include, either literally or by application of the doctrine of equivalences, any method, system, or apparatus manufactured, used, imported, sold, or offered for sale by Apple because of actions taken and arguments made before the United States Patent and Trademark Office during prosecution of the '212 patent or the '748 patent.

**FIFTH AFFIRMATIVE DEFENSE**
**(Injunctive Relief Unavailable)**

Adaptix is not entitled to injunctive relief because any alleged injury to Adaptix is neither immediate nor irreparable, and Adaptix has an adequate remedy at law.

**SIXTH AFFIRMATIVE DEFENSE**
**(Limitation of Damages)**

Adaptix's right to seek damages is limited, including without limitation, by 35 U.S.C. §§ 286 and 287.

**COUNTERCLAIMS FOR DECLARATORY JUDGMENT**

Counterclaim-Plaintiff Apple, on personal knowledge as to its own acts, and on information and belief as to all others based on its own and its attorneys' investigation, alleges Counterclaims against Adaptix as follows:

## NATURE OF THE ACTION

1. According to the allegations set forth in the Complaint, Adaptix claims to be the owner of all rights, titles, and interests to the '212 patent and the '748 patent, including the rights to sue and recover for infringement.

2. Adaptix has accused Apple of directly infringing, contributing to the infringement of, or inducing others to infringe the '212 patent and the '748 patent. Apple denies that any of its products infringe any valid or enforceable claim of the '212 patent or the '748 patent.

3. An actual case and controversy exists between Apple and Adaptix concerning the infringement of one or more claims of the '212 patent and the '748 patent, and that controversy is ripe for adjudication by this Court.

## JURISDICTION AND VENUE

4. These are Counterclaims for a declaration of non-infringement and invalidity of one or more claims of the '212 patent and the '748 patent. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C §§100 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, and 2201. This Court also has personal jurisdiction over Adaptix, because by initiating the instant lawsuit, Adaptix has submitted to the jurisdiction of this judicial district.

5. Venue for these Counterclaims is legally proper in this District pursuant to 28 U.S.C. §§ 1367 and 1391.

## PARTIES

6. Counterclaim-Plaintiff Apple is a California corporation with a principal place of business at 1 Infinite Loop, Cupertino, California 95014.

7. According to the allegations in paragraph 1 of the Complaint, Counterclaim-Defendant Adaptix is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4100 Midway Road, Suite 2010, Carrollton, Texas 75207.

**COUNTERCLAIM COUNT I**
**(Non-Infringement of U.S. Patent No. 7,454,212)**

8. Apple repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 7 as if fully set forth herein.

9. Apple is not infringing and has not infringed any valid claim of the '212 patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

10. To resolve the legal and factual questions raised by Adaptix, and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Apple is entitled to declaratory judgment that it is not infringing and has not infringed any valid claim of the '212 patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

**COUNTERCLAIM COUNT II**
**(Invalidity of U.S. Patent No. 7,454,212)**

11. Apple repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 10 as if set forth fully herein.

12. One or more claims of the '212 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 116.

13. To resolve the legal and factual questions raised by Adaptix, and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Apple is entitled to a declaratory judgment that the '212 patent is invalid.

**COUNTERCLAIM COUNT III**
**(Non-Infringement of U.S. Patent No. 6,947,748)**

14. Apple repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 13 as if fully set forth herein.

15. Apple is not infringing and has not infringed any valid claim of the '748 patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

16. To resolve the legal and factual questions raised by Adaptix, and to afford relief from the uncertainty and controversy that Adaptix's accusations have precipitated, Apple is entitled to declaratory judgment that it is not infringing and has not infringed any valid claim of the '748 patent, by direct infringement, contributory infringement, or inducement of infringement, either literally or under the doctrine of equivalents.

**COUNTERCLAIM COUNT IV**
**(Invalidity of U.S. Patent No. 6,947,748)**

17. Apple repeats and re-alleges the allegations contained in the immediately preceding paragraphs 1 through 16 as if set forth fully herein.

18. One or more claims of the '748 patent are invalid or unenforceable for failing to meet one or more of the requisite statutory and decisional requirements and/or conditions for patentability under one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 116.

19. To resolve the legal and factual questions raised by Adaptix, and to afford relief from the uncertainty and controversy from which Adaptix's accusations have precipitated, Apple is entitled to a declaratory judgment that the '748 patent is invalid.

## PRAYER FOR RELIEF

WHEREAS, Apple requests that this Court enter a judgment in its favor and against Adaptix as follows:

(a) Dismiss the Complaint in its entirety, with prejudice;

(b) Enter judgment in favor of Apple and against Adaptix;

(c) Declare that Apple does not infringe and has not infringed the '212 patent, directly or indirectly

(d) Declare that the '212 patent is invalid;

(e) Declare that Apple does not infringe and has not infringed the '748 patent, directly or indirectly;

(f) Declare that the '748 patent is invalid;

(g) Declare that this is an exceptional case under 35 U.S.C. § 285 and award Apple its costs (including expert fees), disbursements, and reasonable attorneys' fees incurred in this action;

(h) Enjoin Adaptix, its successors, affiliates, agents, employees, and attorneys, and those persons in active concert of participation with any of them, from directly or indirectly asserting infringement of, or instituting any further action of infringement of, any claim of the '212 and '748 patents against Apple or any of Apple's successors, assigns, agents, direct or indirect customers, partners or suppliers; and

(i) Grant such further relief to Apple as is just and proper.

## DEMAND FOR JURY TRIAL

In accordance with FED. R. CIV. P. 38(b), Apple demands a trial by jury on all issues so triable.

Dated: May 24, 2012

Respectfully submitted,

By: /s/ Melissa Richards Smith
Melissa Richards Smith
State Bar No. 24001351
**Gillam & Smith, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-9257
*melissa@gillamsmithlaw.com*

**OF COUNSEL:**

Mark D. Selwyn
WILMER CUTLER PICKERING HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
Tel.: (650) 858-6000
Fax: (650) 858-6100

Peter J. Shen
WILMER CUTLER PICKERING HALE AND DORR LLP
399 Park Avenue
New York, New York 3056
Tel.: (212) 230-8800
Fax: (212) 230-8888

Jonathan L. Hardt
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania, Ave NW
Washington DC, 20006
Tel.: (202) 663-6000
Fax: (202) 663-6363

*Attorneys for Defendant and Counterclaim-Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 24, 2012.

*/s/ Melissa R. Smith*