# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, Inc.,<br>　　　　　　　Plaintiff,<br>v.<br>MOTOROLA MOBILITY LLC, *et al.*,<br>　　　　　　　Defendants. | Case No.  5:13-cv-01774-PSG<br><br>**PROTECTIVE ORDER** |
| ADAPTIX, Inc.,<br>　　　　　　　Plaintiff,<br>v.<br>APPLE, INC., *et al.*,<br>　　　　　　　Defendants. | Case No.  5:13-cv-01776-PSG |
| ADAPTIX, Inc.,<br>　　　　　　　Plaintiff,<br>v.<br>APPLE, INC., *et al.*,<br>　　　　　　　Defendants. | Case No.  5:13-cv-01777-PSG |
| ADAPTIX, Inc.,<br>　　　　　　　Plaintiff,<br>v.<br>AT&T MOBILITY LLC, *et al.*,<br>　　　　　　　Defendants. | Case No.  5:13-cv-01778-PSG |
| ADAPTIX, Inc.,<br>　　　　　　　Plaintiff,<br>v.<br>CELLCO PARTNERSHIP *d/b/a*<br>VERIZON WIRELESS, *et al.*,<br>　　　　　　　Defendants. | Case No.  5:13-cv-01844-PSG |
| ADAPTIX, Inc.,<br>　　　　　　　Plaintiff,<br>v.<br>APPLE, INC., *et al.*,<br>　　　　　　　Defendants. | Case No.  5:13-cv-02023-PSG |

## PROTECTIVE ORDER

In order to expedite the flow of discovery materials, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

### 1.   INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSEL ONLY, and RESTRICTED—CONFIDENTIAL SOURCE CODE, as set forth in Items A through C below.  All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information."

### A.   Information Designated as Confidential Information

1.   For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed in connection with this action to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action, considers to comprise confidential technical, sales, marketing, financial, or other commercially sensitive information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.   Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by

marking it "CONFIDENTIAL" prior to or within ten (10) business days of the time copies are furnished to the receiving party.

3.      All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4.      Any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL INFORMATION (unless otherwise designated at the time of inspection) and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time, not to exceed ten (10) business days, to review and designate the appropriate documents as CONFIDENTIAL INFORMATION (or otherwise as appropriate) prior to furnishing copies to the receiving party.

5.      The following information is not CONFIDENTIAL INFORMATION:

a.      Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b.      Any information that the receiving party can show was already publicly known prior to the disclosure;

c.      Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and,

d.      Any infringement or invalidity contentions served by any party in this case to the extent they do not contain Protected Information.

6.      Documents designated CONFIDENTIAL and information contained therein shall be available only to:

- 3 -

a.    Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters;

b.    Technical advisers and their necessary support personnel, subject to the provisions of paragraphs 3A-3F herein, and who have signed the form attached hereto as Attachment A; the term "technical adviser" shall mean independent outside expert witnesses or consultants (i.e., not employees of a party) with whom counsel may deem it necessary to consult and who comply with paragraph 15;

c.    Up to three (3) in-house counsel of each receiving party, who are members of at least one state bar in good standing, with responsibility for managing this litigation;

d.    The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court); and,

e.    Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non–technical jury or trial consulting services.

**B.    Information Designated Confidential—Outside Counsel Only**

1.    The CONFIDENTIAL—OUTSIDE COUNSEL ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes (a) commercially sensitive marketing, financial, sales, web traffic, research and development, or technical, data or information; (b) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (c) commercially sensitive information or data relating to future products not yet commercially released and/or strategic plans; and, (d) commercial agreements,  settlement agreements or

settlement communications, the disclosure of which is likely to cause  harm to the competitive position of the producing party.  Documents marked CONFIDENTIAL—OUTSIDE ATTORNEYS' EYES ONLY, HIGHLY CONFIDENTIAL, or RESTRICTED CONFIDENTIAL shall be treated as if designated CONFIDENTIAL—OUTSIDE COUNSEL ONLY.  In determining whether information should be designated as CONFIDENTIAL—OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

2.	Documents designated CONFIDENTIAL—OUTSIDE COUNSEL ONLY and information contained therein shall be available only to the persons or entities listed in paragraphs 1.A.6.a, b, d and e subject to any terms set forth or incorporated therein and not any person or entity listed in paragraph 1.A.6.c.

**C.	Information Designated Restricted Confidential—Source Code**

1.	The RESTRICTED CONFIDENTIAL—SOURCE CODE designation is reserved for CONFIDENTIAL INFORMATION that contains or substantively relates to a party's "Source Code," which shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code.  The following conditions shall govern the production, review and use of source code.

2.	All such Source Code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL—SOURCE CODE," shall be subject to the following provisions:

a.	Source Code, to the extent any producing party agrees to provide any such information, shall ONLY be made available for inspection, not produced except as provided for below, and shall be made available in electronic format at one of the following locations chosen at the sole discretion of the producing party: (1) the offices of any of the producing party's outside counsel of record in this action; (2) a single, third-party site located within any judicial district in which the offices of any of the producing party's outside counsel of record in this action is located or in which the Source Code is stored in the ordinary course of

- 5 -

business (e.g., an escrow company); or (3) a location mutually agreed upon by the receiving and producing parties. Any location under (1), (2) or (3) above shall be in the continental United States. Source Code will be loaded on a single, non-networked computer that is password protected and maintained in a secure, locked area. Use or possession of any input/output device (e.g., USB memory stick, cameras or any camera-enabled device, CDs, floppy disk, portable hard drive, laptop, smartphone, etc.) is prohibited while accessing the computer containing the Source Code.  The computer containing Source Code will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than ten (10) business days in advance of the initial requested inspection, and not less than three (3) business days in advance of any requested inspection thereafter.

          b.      The receiving party's outside counsel and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer.   The receiving party must provide the producing party with the CD or DVD containing such software tool(s) at least four (4) business days in advance of the inspection.

          c.      The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the Source Code but may not copy any portion of the Source Code into the notes.  No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

          d.      No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the receiving party may request a reasonable number of pages of Source Code to be printed by the producing party, but only if and to the extent necessary for use in this action.  In no event may the receiving party print more than twenty-five (25) consecutive pages, or an aggregate total of more than 500 pages, of Source Code during the duration of the case without prior written

approval by the producing party.  These page limitations may be increased for good cause shown.  Within five (5) business days or such additional time as necessary due to volume requested, the producing party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "RESTRICTED CONFIDENTIAL—SOURCE CODE" unless objected to as discussed below.  The printed pages shall constitute part of the Source Code produced by the producing party in this action.  At the inspecting parties request, up to two additional sets (or subsets) of printed Source Code may be requested and provided by the producing party in a timely fashion.

        e.     If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days.  If after meeting and conferring the producing party and the receiving party cannot resolve the objection (where such meet-and-confer need not take place in person), the producing party shall be entitled, but not required, to seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity.  Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

        f.     Any printed pages of Source Code, and any other documents or things reflecting Source Code that have been designated by the producing party as "RESTRICTED CONFIDENTIAL—SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below.

        g.     Any paper copies designated "RESTRICTED CONFIDENTIAL—SOURCE CODE" shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of outside experts or consultants who have been approved to access Source Code; (iii) the site where any deposition is taken (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any

- 7 -

such paper copies shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials.

h.     A list of names of persons who will inspect the Source Code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.  The producing party shall maintain a daily log of the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the Source Code viewing room, and to a copy of the log.

i.     Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

j.     The receiving party will not copy, remove, or otherwise transfer any portion of the Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring any portion of the Source Code onto any other computers or peripheral equipment.  The receiving party will not transmit any portion of the Source Code in any way from the location of the Source Code inspection.

k.     Only the following individuals shall have access to "RESTRICTED CONFIDENTIAL—SOURCE CODE" materials, absent the express written consent of the Producing Party or further court order:

(1)     Outside counsel of record for the parties to this action, including any attorneys, paralegals, technology specialists and clerical employees of their respective law firms;

(2)      Up to five (5) outside experts or consultants per party, pre-approved in accordance with Paragraphs 3A-3F and specifically identified as eligible to access Source Code;

(3)      The Court, its technical advisor (if one is appointed), the jury, court personnel, and court reporters or videographers recording testimony or other proceedings in this action.  Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code.  If used during a deposition, the deposition record will identify the exhibit by its production numbers;

(4)      While testifying at deposition or trial in this action only: (i) any current or former officer, director or employee of the producing party or original source of the information; (ii) any person designated by the producing party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Source Code, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view Source Code pursuant to this sub-paragraph shall not retain or be given copies of the Source Code except while so testifying.

l.      The Receiving Party's outside counsel shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraph g above.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or qualified person that receives a copy of any portion of the Source Code;

m.      Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the Source Code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The

Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS").  The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used.  Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.  The receiving party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection.  The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order.  The receiving party shall maintain a log of all electronic images and paper copies of Source Code in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored.  Additionally, all electronic copies must be labeled "RESTRICTED CONFIDENTIAL—SOURCE CODE."

n.      To the extent portions of Source Code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as RESTRICTED CONFIDENTIAL—SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as RESTRICTED CONFIDENTIAL—SOURCE CODE.

o.      All copies of any portion of the Source Code in whatever form shall be securely destroyed if they are no longer in use.  Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

p.      The receiving party's outside counsel may only disclose a copy of the Source Code to individuals specified in Paragraph k above (e.g., Source Code may not be disclosed to in-house counsel).

### D.      Use of Protected Information at Trial

A party shall provide a minimum of two business days' notice to the producing party in the event that a party intends to use any Protected Information during trial.  In addition, the parties will not oppose any request by the producing party that the courtroom should be sealed, if allowed by the Court, during the presentation of any testimony relating to or involving the use of any Protected Information.

### E.      Export Control

Disclosure of Protected Information shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Information, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

## 2.      PROSECUTION BAR

A.      Any party may apply the designation HIGHLY CONFIDENTIAL – PROSECUTION BAR to Protected Information that the producing party believes in good faith is a type that can be included in a patent application and form the basis or part of the basis for one or more claims thereof, the disclosure of which to a person engaged in patent prosecution in the technical areas to which the Protected Information relates would create a substantial risk of injury to the producing party.

B.      Absent written consent from the producing party, any individual who, on behalf of a party asserting a patent in this case or any related entity (such as a parent or subsidiary entity of a party in this case), receives access to Protected Information marked HIGHLY CONFIDENTIAL – PROSECUTION BAR shall not be involved (with the exception of

reexamination proceedings) in the prosecution of patents or patent applications claiming in whole or in part subject matter that is the specific subject of the information marked HIGHLY CONFIDENTIAL – PROSECUTION BAR that is reviewed by that individual.  This prosecution bar begins when access to protected Information marked HIGHLY CONFIDENTIAL – PROSECUTION BAR is first received by the affected individual and shall end two (2) years after final termination or settlement of this action with respect to the party or parties represented by the affected individual.  Nothing in this provision shall prohibit any attorney of record in this litigation from discussing any aspect of this case that is reasonably necessary for the prosecution or defense of any claim or counterclaim in this litigation with his/her client.  The parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney(ies) who review(s) Prosecution Bar Materials and shall not be imputed to any other persons or attorneys at the attorneys' law firm.  It is expressly agreed that attorneys who work on this matter without reviewing Prosecution Bar Materials shall not be restricted from engaging in Prosecution Activity on matters that fall within the Prosecution Bar.

**3.      DISCLOSURE OF TECHNICAL ADVISERS**

A.      Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel as further provided herein.

B.      No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph 3.C., that objection is resolved according to the procedures set forth below.

C.      A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the

litigation, and the producing party shall have seven (7) business days after such notice is given to object in writing to the disclosure.  The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser:  name, address, curriculum vitae, current employer, employment history for the past ten years including a list of every entity for which the advisor has consulted or is currently consulting, a listing of cases in which the advisor has testified as an expert at trial or by deposition within the preceding five years, and an identification of any patents or patent applications in which the technical adviser is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.  No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.

      D.     A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific bates ranges of documents that are the subject of the objection.  The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

      E.     If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser or withdraw the bates ranges that are the subject of the objection, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within ten (10) business days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the ten (10) business day period, absent an agreement of the parties to the contrary or for an extension of such ten (10) business day period, shall operate as an approval of disclosure of the identified bates ranges of Protected Information to the technical adviser.  The parties agree to cooperate in good faith to

shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

F. The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser.

G. A party who has not previously objected to disclosure of Protected Information to a technical adviser or whose objection has been resolved with respect to previously produced information shall not be precluded from raising an objection to a technical adviser at a later time with respect to materials or information that are produced after the time for objecting to such a technical adviser has expired. Any such objection shall be handled in accordance with the provisions set forth above in Section 3(B) through (F).

## 4. CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

A. The parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

B. A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

C.      Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

**5.      LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

A.      All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

B.      Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

1.      A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

2.      A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

3.      Non-parties may be examined or testify concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination

- 15 -

concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney must provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

4.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

5.      Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as Restricted Confidential—Source Code, the provisions of Paragraph 1.C. are controlling to the extent those provisions differ from this paragraph.

6.      Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of CONFIDENTIAL and CONFIDENTIAL—OUTSIDE COUNSEL ONLY

- 16 -

information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating CONFIDENTIAL and CONFIDENTIAL—OUTSIDE COUNSEL ONLY information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

7.      At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL" by the reporter.  This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript.  Deposition transcripts shall be treated by default as CONFIDENTIAL—OUTSIDE COUNSEL ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

**6.      NON-PARTY USE OF THIS PROTECTIVE ORDER**

A.      A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

B.      A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

**7.      NO WAIVER OF PRIVILEGE**

Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way

- 17 -

prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.  Any party that inadvertently produces materials protected by the attorney-client privilege, work product privilege, or other privilege, doctrine, right, or immunity may obtain the return of those materials by promptly notifying the recipient(s) and providing a privilege log for the inadvertently produced materials.  The recipient(s) shall gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party.   Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems.

**8.      MISCELLANEOUS PROVISIONS**

A.      Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by outside counsel of record for the party against whom such waiver will be effective.

B.      Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to such documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to

further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

      C.     Within sixty days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information, not embodied in physical objects and documents shall remain subject to this Order.  In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL—OUTSIDE COUNSEL ONLY information for archival purposes only.  If a party opts to destroy CONFIDENTIAL or CONFIDENTIAL—OUTSIDE COUNSEL ONLY information, the party must provide a Certificate of Destruction to the producing party.

      D.     If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide

each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

E.      Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

F.      No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

G.      This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.   Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

H.      The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Protective Order.  After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with

respect to those documents and information that become a matter of public record.  This Court

retains and shall have continuing jurisdiction over the parties and recipients of the Protected

Information for enforcement of the provisions of this Protective Order following termination of

this litigation.  All disputes concerning Protected Information produced under the protection of

this Protective Order shall be resolved by the United States District Court for the Northern

District of California.

   I.  Nothing in this Protective Order shall preclude or impede outside litigation

counsel of record's ability to communicate with or advise their client in connection with this

litigation only based on such counsel's review and evaluation of Protected Information, provided

however, that such communications or advice shall not disclose or reveal the substance or

content of any Protected Information other than as permitted under this Protective Order.

   J.  Each of the parties agrees to be bound by the terms of this Protective Order as of

the date counsel for such party executes this Protective Order, even if prior to entry of this order

by the Court.

IT IS SO ORDERED.


Dated: _____    _____

                PAUL S. GREWAL
                United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADAPTIX, INC.,                                    CIVIL ACTION NO. 5:13-cv-0____-PSG

               Plaintiff,                   **JURY TRIAL DEMANDED**

    v.

[DEFENDANTS]

               Defendants.

## ATTACHMENT A TO THE PROTECTIVE ORDER

1.     My name is _____.

2.     I reside at _____.

3.     My present employer is _____.

4.     My present occupation or job description is _____.

5.     I have read the Protective Order dated _____, 2012, and have been engaged

as_____on behalf

of _____in the preparation and conduct of litigation styled

*Adaptix, Inc. v. [Defendants]*, Civil Action No. 5:13-cv-0____-PSG, in the United States District

Court for the Northern District of California, San Jose Division

6.     I am fully familiar with and agree to comply with and be bound by the provisions of said

Order.  I understand that I am to retain all copies of any documents designated as

CONFIDENTIAL, CONFIDENTIAL—OUTSIDE COUNSEL ONLY, RESTRICTED

CONFIDENTIAL—SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PROSECUTION

BAR or any similar designation, in a secure manner, and that all copies are to remain in my

personal custody until I have completed my assigned duties, whereupon the copies and any

writings prepared by me containing any information designated CONFIDENTIAL,

CONFIDENTIAL—OUTSIDE COUNSEL ONLY, RESTRICTED CONFIDENTIAL—

- 22 -

SOURCE CODE, and/or HIGHLY CONFIDENTIAL – PROSECUTION BAR or any similar designation, are to be returned to counsel who provided me with such material.

7.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8.      In accordance with paragraph 3C of the Protective Order (if applicable), I have attached my resume, curriculum vitae or other information to this executed Confidentiality Agreement sufficient to identify my current employer and employment history for the past ten years, and the cases in which I have testified as an expert at trial or by deposition within the preceding five years.

9.      I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____, 20_____.