# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ADAPTIX, INC.,<br>               Plaintiff,<br>   v.<br>APPLE INC., *et al.*,<br>               Defendants. | Case No. 5:13-cv-01776-PSG<br>**ORDER GRANTING MOTION TO STRIKE**<br>**(Re: Docket No. 254-4)** |
| ADAPTIX, INC.,<br>               Plaintiff,<br>   v.<br>APPLE INC., *et al.*<br>               Defendants. | Case No. 5:13-cv-01777-PSG<br>**ORDER GRANTING MOTION TO STRIKE**<br>**(Re: Docket Nos. 278-4)** |
| ADAPTIX, INC.,<br>               Plaintiff,<br>   v.<br>AT&T, Inc., *et al.*,<br>               Defendants. | Case No. 5:13-cv-01778-PSG<br>**ORDER GRANTING MOTION TO STRIKE**<br>**(Re: Docket No. 255-4)** |
| ADAPTIX, INC.,<br>               Plaintiff,<br>   v.<br>CELLCO PARTNERSHIP *d/b/a* VERIZON WIRELESS, *et al.*,<br>               Defendants. | Case No. 5:13-cv-01844-PSG<br>**ORDER GRANTING MOTION TO STRIKE**<br>**(Re: Docket Nos. 248-4)** |

| | | |
|---|---|---|
| ADAPTIX, INC., | ) | Case No. 5:13-cv-02023-PSG |
| Plaintiff, | ) ) ) | **ORDER GRANTING MOTION TO STRIKE** |
| v. | ) | |
| APPLE INC., *et al.* | ) ) | **(Re: Docket No. 257-4)** |
| Defendants. | ) | |

Before the court are various disputes about the report of Plaintiff Adaptix Inc.'s expert, Micheal Caloyannides. While the particulars are unique to this patent case, the bigger issue is not: how tightly are experts bound to the theories disclosed in their patron's contentions?

This district has long required that patentees disclose their infringement contentions early in the case:

> Not later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions." Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:
>
> a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. §271 asserted;
>
> b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known. Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.
>
> d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts

       of multiple parties, the role of each such party in the direct infringement must be described.

e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

f) For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

g) If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party shall identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

h) If a party claiming patent infringement alleges willful infringement, the basis for such allegation.

Patent L.R. 3-1.

       In its infringement contentions, Adaptix charges infringement of various apparatus and method claims in its patents. The infringement issue focuses on whether and how mobile devices (called User Equipment or "UEs") report channel quality indicators ("CQI") to base stations. In the LTE Standard implemented by Defendants' accused products, there are three modes of CQI feedback reporting: Mode 1, Mode 2, and Mode 3. In Mode 1, the UE reports a wideband CQI value for the entire bandwidth. In Mode 2, the UE reports a wideband value, along with individual values associated with only some of the subbands in the bandwidth. In Mode 3, the UE reports a wideband value, along with individual values associated with all of the subbands in the bandwidth.

       The parties agree Mode 1 reporting is non-infringing. Regarding Mode 2, Adaptix in its contentions charges infringement of the apparatus claims alone and Caloyannides incorporates these contentions in his report by reference alone. As for Mode 3, Adaptix's contentions charge infringement of the "subscriber selecting a set of candidate subcarriers" limitation of the method claims alone by choosing and reporting on all subbands. The contentions do not charge infringement of the apparatus claims. Caloyannides, in turn, opines that the method claims and in

3
Case Nos. 5:13-cv-1776; -1777; -1778; -1844; -2023
ORDER GRANTING MOTION TO STRIKE

particular the disputed limited are infringed by choosing and reporting some but not all subbands. He also opines that Mode 3 infringes the apparatus claims. Caloyannides also incorporates by reference the entirety of Adaptix infringement contentions as follows: "my opinions (and this report) incorporate by reference all Infringement Contentions previously served."

Defendants take issue with three elements of Caloyannides' report.  First, they point out that his theory that Mode 3 infringes the apparatus claims was never disclosed in Adaptix's infringement contentions.  Second, they point out that his theory that Mode 3 infringes the method claims by choosing and reporting on some, but not all, subbands was never disclosed in Adaptix's infringement contentions.  Third, they point out that the infringement contentions incorporated by reference cannot be reconciled with many of the opinions Caloyannides otherwise states.  For example, while Caloyannides opines only contributory infringement, the contentions assert only induced infringement.

Defendants are in the right here.  This court has previously explained that "[e]xpert reports may not introduce theories not set forth in contentions."[1]  Either experts must "reliably appl[y] the theories disclosed in the contentions to evidence disclosed during fact discovery."[2]  The "question thus becomes, has the expert permissibly specified the application of a disclosed theory, or has the expert impermissibly substituted a new theory altogether?"[3]

To its credit, Adaptix candidly acknowledged at the hearing on this matter that Caloyannides' Mode 3 theories were new.  Adaptix's only real response is that the prejudice to Defendants from allowing these new theories to stand will be modest at best.  Trial is still many months away, and there even remains some time left in the period for expert reports and discovery.

---

[1] *Apple Inc. v. Samsung Elecs. Co.*, Case No. 5:12-cv-00630-LHK (PSG), 2014 WL 173409, at *1 (N.D. Cal. Jan. 9, 2014).

[2] *Apple Inc. v. Samsung Elecs. Co.*, Case No. 5:11-cv-01846-LHK (PSG), 2012 WL 2499929, at *1 (N.D. Cal. June 27, 2012).

[3] *Apple*, 2014 WL 173409 at *1.

While the court would not be so quick to dismiss the prejudice arising from two new infringement theories revealed long after the close of fact discovery, it does not have even have to get there. This court has previously held that, unless the moving party can show diligence, new theories in expert reports cannot stand.[4]  In the analogous context of determining whether contentions may themselves be amended to add a new theory in the absence of an honest error or administrative mistake, this court similarly has declined to find good cause to permit a new theory where the moving party has not demonstrated its diligence.[5]  Because Adaptix offers no real explanation of why it could not have disclosed their new theories in its earlier contentions (or at least sought leave to do so), it would not fair to allow Adaptix to do so now through the opinions of Caloyannides. The new theories are deemed stricken from the report.

As for Caloyannides' efforts to incorporate by reference, the court finds nothing inherently wrong with this approach.  But the references to theories here such as induced infringement that are no longer asserted and contentions that have been superseded is difficult to follow or reconcile.  At a minimum, the court needs a clearer articulation of what exactly he is incorporating to police direct examination at trial. To that end, no later than August 14, 2014, Calyonnides shall serve an amended report identifying precisely the contentions he adopts.

**IT IS SO ORDERED.**

Dated: August 8, 2014

_Paul S. Grewal_
PAUL S. GREWAL
United States Magistrate Judge

---

[4] *See Dynetix Design Solutions, Inc. v. Synopsys, Inc.*, Case No. 5:11-cv-05973-PSG, 2013 WL 4537838, at *2 (N.D. Cal. Aug. 22, 2013) (striking new infringement theory that was asserted for first time in Plaintiff's expert report).

[5] *See ParPharm, Inc. v. Takeda Pharm Co., Ltd.*, Case No. 5:13-cv-01927-LHK (PSG), 2014 WL 3704819, at * 2 (N.D. Cal. Jul. 23, 2014).