*[Counsel Listed on Signature Block]*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| ADAPTIX, INC.,<br>          Plaintiff,<br>v.<br>APPLE INC., *et al.*,<br>          Defendants. | Case No. 5:13-cv-01776-PSG<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**<br><br>Hearing Date: November 4, 2014, at 1 p.m.<br>Courtroom 5, 4th Floor<br>Magistrate Judge Paul S. Grewal |
| ADAPTIX, INC.,<br>          Plaintiff,<br>v.<br>APPLE INC., *et al.*,<br>          Defendants. | Case No. 5:13-cv-01777-PSG<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**<br><br>Hearing Date: November 4, 2014, at 1 p.m.<br>Courtroom 5, 4th Floor<br>Magistrate Judge Paul S. Grewal |
| ADAPTIX, INC.,<br>          Plaintiff,<br>v.<br>AT&T MOBILITY LLC, *et al.*,<br>          Defendants. | Case No. 5:13-cv-01778-PSG<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**<br><br>Hearing Date: November 4, 2014, at 1 p.m.<br>Courtroom 5, 4th Floor<br>Magistrate Judge Paul S. Grewal |
| ADAPTIX, INC.,<br>          Plaintiff,<br>v.<br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, *et al.*,<br>          Defendants. | Case No. 5:13-cv-01844-PSG<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**<br><br>Hearing Date: November 4, 2014, at 1 p.m.<br>Courtroom 5, 4th Floor<br>Magistrate Judge Paul S. Grewal |

| | |
|---|---|
| ADAPTIX, INC.,<br>          Plaintiff,<br>v.<br><br>APPLE INC., *et al.*,<br>          Defendants. | Case No. 5:13-cv-02023-PSG<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**<br><br>Hearing Date: November 4, 2014, at 1 p.m.<br>Courtroom 5, 4th Floor<br>Magistrate Judge Paul S. Grewal |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
OF CLAIMS 8 AND 9 OF U.S. PATENT NO. 6,947,748 AND
CLAIMS 9 AND 10 OF U.S. PATENT NO. 7,454,212 BASED ON
<u>INDEFINITENESS UNDER 35 U.S.C. § 112</u>**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION AND MOTION ............................................................................................. 1

RELIEF REQUESTED .......................................................................................................................... 1

STATEMENT OF ISSUE TO BE DECIDED ..................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................... 2

I.     INTRODUCTION .................................................................................................................. 2

II.    ARGUMENT ........................................................................................................................... 3

       A.    Applicable Legal Standard ........................................................................................ 3

       B.    Claims 8-9 Of The '748 Patent And Claims 9-10 Of The '212 Patent Are Indefinite Because The "Each Cluster" Limitation Fails To Inform, With Reasonable Certainty, Those Skilled In The Art About The Scope Of The Claimed Invention ........................................................................................................ 3

            1.    The Relevant Claim Language ..................................................................... 4

            2.    The "Each Cluster" Limitations Render These Claims Indefinite ............... 5

III.   CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................................................3

*Ergo Licensing, LLC v. CareFusion 303, Inc.*,
    673 F.3d 1361 (Fed. Cir. 2012)..................................................................................3

*In re Katz Interactive Call Processing Pat. Litig.*,
    639 F.3d 1303 (Fed. Cir. 2011)..................................................................................3

*Interval Licensing LLC v. AOL, Inc.*,
    Nos. 2013-1282-85, 2014 WL 4435871 (Fed. Cir. Sept. 10, 2014) .......................2, 3

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
    134 S. Ct. 2120 (2014)......................................................................................1, 2, 3, 5

*Young v. Lumenis, Inc.*,
    492 F.3d 1336 (Fed. Cir. 2007)..................................................................................3

**STATUTES**

35 U.S.C. § 112...............................................................................................................1, 2

35 U.S.C. § 112(b) ..........................................................................................................1, 3

35 U.S.C. § 112, ¶ 2 .........................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ........................................................................................................3

Local Rule 5-1(i)(3) .........................................................................................................7

U.S. Patent No. 6,947,748........................................................................................1, 2, 3, 4

U.S. Patent No. 7,454,212........................................................................................1, 2, 3, 4

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on November 4, 2014, at 1:00 p.m., in Courtroom 5, United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, CA 95113, defendants Apple Inc., AT&T Mobility LLC, HTC America, Inc., HTC Corporation, and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants"), shall and hereby do move for an order granting summary judgment of invalidity of claims 8 and 9 of U.S. Patent No. 6,947,748 and claims 9 and 10 of U.S. Patent No. 7,454,212 based on indefiniteness under 35 U.S.C. § 112.  This motion is supported by the following Memorandum of Points and Authorities; the Declaration of Mark D. Selwyn and exhibits attached thereto; the Declaration of Professor Thomas E. Fuja; and such other written or oral argument as may be presented at or before the time this motion is taken under submission by the Court.

# RELIEF REQUESTED

Defendants request that the Court grant summary judgment that claims 8 and 9 of U.S. Patent No. 6,947,748 (the "'748 patent") and claims 9 and 10 of U.S. Patent No. 7,454,212 (the "'212 patent") are invalid based on indefiniteness under 35 U.S.C. § 112(b).

# STATEMENT OF ISSUE TO BE DECIDED

Whether claims 8 and 9 of the '748 patent and claims 9 and 10 of the '212 patent are invalid as indefinite because the "each cluster" limitation does not inform those skilled in the art, with reasonable certainty, about the scope of the claimed invention, as required under *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

In *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (2014), the Supreme Court set forth a more stringent definiteness standard under 35 U.S.C. § 112. Under that standard, claims are indefinite if they "fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Id*. at 2124. The Supreme Court emphasized that the definiteness standard requires "clear notice of what is claimed, thereby appris[ing] the public of what is still open to them." *Id*. at 2129 (internal quotation marks omitted). Therefore, "a patent does not satisfy the definiteness requirement of § 112 merely because 'a court can ascribe *some* meaning to a patent's claims.'" *Interval Licensing LLC v. AOL, Inc.*, Nos. 2013-1282-85, 2014 WL 4435871, at *5 (Fed. Cir. Sept. 10, 2014) (quoting *Nautilus*, 134 S. Ct. at 2130). "The claims, when read in light of the specification and prosecution history, must provide objective boundaries for those of skill in the art." *Id.*

In light of the standard set forth in *Nautilus*, claims 8 and 9 of the '748 patent and claims 9 and 10 of the '212 patent are indefinite because the term "each cluster" lacks antecedent basis and does not apprise a person of ordinary skill in the art with reasonable certainty of the scope of the claimed invention. One of ordinary skill in the art has no way to know from these claims, or from anything in the specification or file history, where or how "each cluster" is formed or which subcarriers belong to "each cluster." Accordingly, these claims are indefinite and, as such, invalid.

Magistrate Judge Craven recently considered the identical issue in a September 19, 2014 Report and Recommendation in several cases pending in the Eastern District of Texas that involve the '748 and '212 patents. Magistrate Judge Craven agreed that the term "each cluster" fails to satisfy the standard articulated in *Nautilus*, and recommended that summary judgment of invalidity be granted:

> On balance, in light of *Nautilus* having abrogated the portion of *Exxon* upon which the Court relied in *AT&T*, the disputed term "each cluster" requires an antecedent basis but lacks any clear antecedent basis. This lack of clear antecedent basis for "each cluster," which has been further explained in *AT&T*, as quoted

above, renders the claims indefinite as failing to "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus*, 134 S. Ct. at 2129.

(*See* Declaration of Mark D. Selwyn ("Selwyn Decl."), Ex. A at 8.)

## II.   ARGUMENT

### A.   Applicable Legal Standard

Summary judgment is proper if the record shows that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Indefiniteness under 35 U.S.C. § 112(b) is a question of law and is amenable to summary judgment. *See Young v. Lumenis, Inc.*, 492 F.3d 1336, 1344 (Fed. Cir. 2007) ("A determination that a patent claim is invalid for failing to meet the definiteness requirement in 35 U.S.C. § 112, ¶ 2 is a legal question reviewed de novo."); *see also Ergo Licensing, LLC v. CareFusion 303, Inc.*, 673 F.3d 1361, 1362 (Fed. Cir. 2012); *In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011).

Title 35 U.S.C. § 112(b) requires that the claims of a patent "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention." In *Nautilus*, the Supreme Court held that "a patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus*, 134 S. Ct. at 2124. The Supreme Court indicated that there is an indefiniteness problem if the claim language "might mean several different things and 'no informed and confident choice is available among the contending definitions.'" *Interval Licensing LLC*, at *5 (quoting *Nautilus*, 134 S. Ct. at 2130 & n.8).

### B.   Claims 8-9 Of The '748 Patent And Claims 9-10 Of The '212 Patent Are Indefinite Because The "Each Cluster" Limitation Fails To Inform, With Reasonable Certainty, Those Skilled In The Art About The Scope Of The Claimed Invention

The claim term "each cluster" in claim 8 of the '748 patent and claim 9 of the '212 patent is indefinite because one of ordinary skill in the art would not know which "subcarriers" in the preceding claim steps belong to "each cluster." (*See* Declaration of Professor Thomas E. Fuja

("Fuja Decl."), at ¶¶ 11-17.) Claim 9 of the '748 patent, which depends on claim 8, and claim 10 of the '212 patent, which depends on claim 9, therefore are also invalid.

### 1. The Relevant Claim Language

The following chart provides the language of claims 8 and 9 of the '748 patent and claims 9 and 10 of the '212 patent, as well as the claims from which they depend:[1]

| The '212 Patent Claim Language: | | The '748 Patent Claim Language: | |
|---|---|---|---|
| 1 | A method for subcarrier selection for a system employing orthogonal frequency division multiple access (OFDMA) comprising:<br>[a] a subscriber unit measuring channel and interference information for a <u>plurality of subcarriers</u> based on pilot symbols received from a base station;<br>[b] the subscriber unit selecting a <u>set of candidate subcarriers</u>;<br>[c] the subscriber unit providing feedback information on the <u>set of candidate subcarriers</u> to the base station;<br>[d] the subscriber unit receiving an indication of subcarriers of the <u>set of subcarriers</u> selected by the base station for use by the subscriber unit; and<br>[e] the subscriber unit submitting updated feedback information, after being allocated the <u>set of subcarriers</u> to be allocated an updated set of subcarriers, and thereafter the subscriber unit receiving another indication of the updated set of subcarriers. | 8 | A method for subcarrier selection for a system employing orthogonal frequency division multiple access (OFDMA) comprising:<br>[a] a subscriber measuring channel and interference information for a <u>plurality of subcarriers</u> based on pilot symbols received from a base station;<br>[b] the subscriber selecting a <u>set of candidate subcarriers</u>;<br>[c] the subscriber providing feedback information on the <u>set of candidate subcarriers</u> to the base station;<br>[d] the subscriber sending an indication of coding and modulation rates that the subscriber desires to employ for ***each cluster***; and<br>[e] the subscriber receiving an indication of subcarriers of the <u>set of subcarriers</u> selected by the base station for use by the subscriber. |
| 8 | The method defined in claim 1 further comprising the base station selecting the subcarriers from the <u>set of candidate subcarriers</u> based on additional information available to the base station. | 9 | The method defined in claim 8 wherein the indication of coding and modulation rates comprises an SINR index indicative of a coding and modulation rate. |
| 9 | The method defined in claim 8 wherein the additional information comprises traffic load information on ***each cluster*** of subcarriers. | | |

---
[1] Copies of the '748 and '212 patents are attached as Exhibits B and C to the Selwyn Decl.

| 10 | The method defined in claim 9 wherein the traffic load information is provided by a data buffer in the base station. | |

### 2. The "Each Cluster" Limitations Render These Claims Indefinite.

The term "each cluster," as used in these claims, fails to inform those skilled in the art, with reasonable certainty, about the scope of the invention. *See Nautilus*, 134 S. Ct. at 2124. The asserted patents define a "cluster" as "a logical unit that contains at least one physical subcarrier." (*See, e.g.*, Selwyn Decl., Ex. C ('212 patent) at 5:15-16.) But this definition does nothing to clarify for one of ordinary skill in the art which subcarriers in the limitations that precede "each cluster" in claim 8 of the '748 patent and claim 9 of the '212 patent are part of "each cluster."[2] (*See* Fuja Decl. ¶ 14.)

The double-underlining in the table above identifies every limitation in the disputed claims that recites a set or plurality of subcarriers. Thus, for claim 9 of the '212 patent (and dependent claim 10):

- element [a] of claim 1 provides for "measuring channel and interference information for a plurality of subcarriers";

- element [b] of claim 1 provides for "the subscriber unit selecting a set of candidate subcarriers";

- element [c] of claim 1 provides for "the subscriber unit providing feedback information on the set of candidate subcarriers to the base station";

- element [d] of claim 1 provides for "the subscriber unit receiving an indication of subcarriers of the set of subcarriers selected by the base station for use by the subscriber unit";

- element [e] of claim 1 provides for "the subscriber unit submitting updated feedback information, after being allocated the set of subcarriers …."; and

- Claim 8 provides for "the base station selecting the subcarriers from the set of candidate subcarriers based on additional information available to the base station."

Neither the claim language nor the specification provides any indication as to which, if any, of these recited subcarriers belongs to "each cluster" in claim 9 of the '212 patent. As a result, there are a number of possibilities regarding which set or plurality of subcarriers could be

---

[2] By contrast, other claims in the asserted patents include a limitation requiring the subscriber to define the clusters by "arbitrarily ordering the set of candidate [] subcarriers as clusters of subcarriers." *See, e.g.*, '748 patent, claims 6 and 19, and '212 patent, claim 13.

considered part of "each cluster," leaving one of ordinary skill in the art unable to determine to which of the preceding subcarriers the term "each cluster" refers.  Is "each cluster" comprised of certain subcarriers found in element [a]?  Is it comprised of certain subcarriers found in element [b]?  Is it the subcarriers in elements [c], [d], [e], or the limitation found in claim 8?  Some combination of these?  Does one infringe claim 9 of the '212 patent only when traffic load information is provided on every subcarrier referenced in claims 1 and 8?  Or was "each cluster" meant to refer to other clusters not mentioned or defined in the claims?  (*See* Fuja Decl. ¶ 17.)

The same issues arise from the drafting of claim 8 of the '748 patent (and dependent claim 9).  These claims also recite sets or pluralities of subcarriers in multiple limitations:

- element [a] of claim 8 provides "a subscriber measuring channel and interference information for a plurality of subcarriers based on pilot symbols received from a base station";
- element [b] of claim 8 provides for "the subscriber selecting a set of candidate subcarriers";
- element [c] of claim 8 provides for "the subscriber providing feedback information on the set of candidate subcarriers to the base station"; and
- element [e] of claim 8 provides for "the subscriber receiving an indication of subcarriers of the set of subcarriers selected by the base station for use by the subscriber."

One of ordinary skill in the art reading these claims is unable to determine to which of the preceding subcarriers the term "each cluster" in element [d] of claim 8 refers.  Is it some or all of the "plurality of subcarriers" in element [a]?  Is it the "set of subcarriers" in elements [b] and [c]?  One of ordinary skill in the art cannot determine for which subcarriers a subscriber must "send[] an indication of coding and modulation rates that the subscriber desires to employ," in order to infringe the claim.  (*See* Fuja Decl. ¶ 16.)

Even if the "each cluster" term in element [d] of Claim 8 of the '748 patent was meant to apply only to the "set of candidate subcarriers" in element [c], questions would remain.  Would the subscriber need to "send[] an indication of coding and modulation rates" for all subcarriers in the set of candidate subcarriers in order to infringe?  Or would the subscriber only need to "send[] an indication of coding and modulation rates" for some of the subcarriers in the set in

6

order to infringe?  If the latter, which subcarriers?  The patents offer no resolution to any of these questions.

## III.     CONCLUSION

The term "each cluster" in claims 8 and 9 of the '748 patent and claims 9 and 10 of the '212 patent fails to inform those skilled in the art, with reasonable certainty, about the scope of the claimed inventions.  *Nautilus*, 134 S. Ct. at 2124.  These claims, therefore, are invalid.  *Id*.

Dated:  September 26, 2014

/s/ Mark D. Selwyn
Mark D. Selwyn (SBN 244180)
mark.selwyn@wilmerhale.com
Craig E. Davis (SBN 221356)
craig.davis@wilmerhale.com
Andrew L. Liao (SBN 271219)
andrew.liao@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

Jonathan L. Hardt (admitted *pro hac vice*)
jonathan.hardt@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, D.C. 20006
Telephone: (202) 663-6000
Facsimile: (202) 663-6363

*Attorneys for Defendant and Counterclaim-Plaintiff Apple Inc.*

/s/ Geoffrey M. Godfrey
Mark D. Flanagan (SBN 130303)
mark.flanagan@wilmerhale.com
Robert M. Galvin (SBN 171508)
robert.galvin@wilmerhale.com
Geoffrey M. Godfrey (SBN 228735)
geoff.godfrey@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
950 Page Mill Road
Palo Alto, CA 94303
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

1  
2  *Attorneys for Defendant and Counterclaim-Plaintiff Cellco Partnership d/b/a Verizon Wireless*

3  /s/ Fred I. Williams  
4  Fred I. Williams (admitted *pro hac vice*)  
fwilliams@akingump.com  
5  AKIN GUMP STRAUSS HAUER  
  & FELD LLP  
6  300 West 6th Street, Suite 1900  
Austin, TX 78701  
7  Telephone: (512) 499-6200  
Facsimile: (512) 499-6290

8  Teresa W. Ghali (SBN 252961)  
tghali@akingump.com  
9  AKIN GUMP STRAUSS HAUER  
  & FELD LLP  
10  580 California Street, Suite 1500  
San Francisco, CA 94104  
11  Telephone: (415) 765-9500  
Facsimile: (415) 765-9510

12  
13  *Attorneys for Defendants AT&T Mobility LLC, HTC Corporation, and HTC America, Inc.*

14  

15  /s/ Christopher A. Hughes  
Christopher A. Hughes (admitted *pro hac vice*)  
16  Christopher.Hughes@cwt.com  
John T. Moehringer (admitted *pro hac vice*)  
17  John.Moehringer@cwt.com  
Regina M. Lutz (admitted *pro hac vice*)  
18  Regina.Lutz@cwt.com  
CADWALADER WICKERSHAM  
19    & TAFT L.L.P.  
1 World Financial Center  
20  New York, NY 10281  
Telephone: (212) 504-6000  
21  Facsimile: (212) 504-6666

22  David Clonts (admitted *pro hac vice*)  
dclonts@akingump.com  
23  AKIN GUMP STRAUSS HAUER  
  & FELD LLP  
24  1111 Louisiana Street, 44th floor  
Houston, TX 77002  
25  Telephone: (713) 220-5886  
Facsimile: (713) 236-0822

26  
27  Douglas M. Kubehl (admitted *pro hac vice*)  
doug.kubehl@bakerbotts.com  
Kurt M. Pankratz (admitted *pro hac vice*)  
28  kurt.pankratz@bakerbotts.com

8

Jonathan B. Rubenstein (admitted *pro hac vice*)
jonathan.rubenstein@bakerbotts.com
James C. Williams (admitted *pro hac vice*)
james.williams@bakerbotts.com
Johnson Kuncheria (admitted *pro hac vice*)
johnson.kuncheria@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Bryant C. Boren, Jr.
bryant.c.boren@bakerbotts.com
Jon V. Swenson
jon.swenson@bakerbotts.com
Gina A. Bibby
gina.bibby@bakerbotts.com
BAKER BOTTS L.L.P
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94304
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

Jennifer C. Tempesta (admitted *pro hac vice*)
jennifer.tempesta@bakerbotts.com
BAKER BOTTS L.L.P
30 Rockefeller Plaza
45th Floor
New York, NY 10112
Telephone: (212) 408-2571
Facsimile: (212) 259-2571

*Attorneys for Defendant*
*AT&T Mobility LLC*

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Civil Local Rule 5-1(i)(3), the attorneys signing above for defendants Apple Inc., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, HTC Corporation, and HTC America, Inc., attest that they have each obtained the concurrence of the other defendants for purposes of filing these papers on behalf of the respective parties in coordinated Case Nos. 5:13-cv-1776, 5:13-cv-1777, 5:13-cv-1778, 5:13-cv-1844, and 5:13-cv-2023.