UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ADAPTIX, INC.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>APPLE, INC., *et al*.,<br><br>　　　　　　　Defendants. | Case No. 5:13-cv-01776-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>**(Re: Docket No. 315)** |
|---|---|
| ADAPTIX, INC.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>APPLE, INC., *et al*.,<br><br>　　　　　　　Defendants. | Case No. 5:13-cv-01777-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>**(Re: Docket No. 340)** |
| ADAPTIX, INC.,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>AT&T MOBILITY LLC, *et al*.,<br><br>　　　　　　　Defendants. | Case No. 5:13-cv-01778-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>**(Re: Docket No. 307)** |

| | |
|---|---|
| ADAPTIX, INC.,<br><br>           Plaintiff,<br>   v.<br><br>CELLCO PARTNERSHIP *d/b/a* VERIZON WIRELESS, *et al.*,<br><br>           Defendants. | Case No. 5:13-cv-01844-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>**(Re: Docket No. 291)** |
| ADAPTIX, INC.,<br><br>           Plaintiff,<br>   v.<br><br>APPLE, INC., *et al.*,<br><br>           Defendants. | Case No. 5:13-cv-02023-PSG<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>**(Re: Docket No. 316)** |

Each of of the asserted claims of U.S. Patent No. 7,454,212 and U.S. Patent No. 6,947,748 requires "selecting a set of candidate subcarriers." Claiming no such selecting step can be found in the lone accused mode of any accused product, Defendants Apple Inc., AT&T Mobility LLC, Verizon Wireless and HTC Corporation move for summary judgment of non-infringement. Because there is a genuine dispute as to whether the transmission of CQI reports on all subcarriers each time the base station requests information meets this key limitation, the court DENIES Defendants' motion.

**I.**

Pursuant to Fed. R. Civ. P. 56(a), the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] At the summary judgment stage, the court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine factual issue

---

[1] Fed. R. Civ. P. 56(a).

for trial."[2] Material facts are those that may affect the outcome of the case.[3] A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.[4]

"To establish infringement of a patent, every limitation set forth in a claim must be found in an accused product or process . . . . Thus, [an] accused infringer [] is entitled to summary judgment, on the ground of non-infringement, by pointing out that the patentee failed to put forth evidence to support a finding that a limitation of the asserted claim was met."[5]

The '212 patent describes a method and apparatus for, among other things, "select[ing] a set of candidate subcarriers" for use in wireless communication. Subcarriers are narrow frequency bands over which wireless devices transmit data, as, for example, between a smartphone handset and the nearest base station for its cellular network. The patent refers to wireless handsets as "subscriber units" or simply "subscribers," reflecting that the users of these handsets have subscribed the devices to membership in the cellular network.

In a cellular network of the '212 patent, the base station allocates subcarriers among the various subscriber units in a way that facilitates data transmission. In particular, the '212 patent describes that a subscriber unit gives the base station feedback as to which subcarriers that subscriber unit is receiving particularly well, and the base station then uses that feedback—together with other information—to allocate particular subcarriers to that subscriber unit. The patent further describes that the subscriber unit—after receiving that allocation of subcarriers—submits updated feedback to the base station and then receives an updated allocation of subcarriers from the base station.

---

[2] *House v. Bell*, 547 U.S. 518, 559-60 (2006).

[3] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

[4] *See id.*

[5] *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1577-78 (Fed. Cir. 1989) (citations omitted).

3
Case Nos.: 5:13-cv-01776; -01777; -01778; -01844; -02023
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

In this court's claim construction order issued in late 2013, the court construed "select[ing] a set of candidate subcarriers" to mean "choosing" a set of candidate subcarriers.[6] Defendants identify the "case dispositive issue" presented by their motion as "whether the accused subscriber unit performs any action that qualifies as 'choosing' a set of candidate subcarriers."[7]

## II.

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).

## III.

At issue is whether, construing all inferences in Adaptix's favor, a reasonable jury could find that that the accused products "choose" anything. Whatever its own views on the subject, the court finds that a reasonable jury could make such a finding, rendering summary judgment unwarranted.

*First,* it is undisputed that all of the accused products in question operate in what the 3GPP standard refers to as "CQI Reporting Mode 3."[8] It also is undisputed that when an accused product operates in Mode 3, it provides feedback to the base stations on all subcarriers each time the base station requests something called a channel quality indicator report.[9] Based on the reported CQI, the subscriber receives an updated allocation of subcarriers from the base station through which to transmit.[10]

*Second*, the jury could accept the testimony of Adaptix expert Michael Caloyannides that Mode 3 practices the disputed limitation. Dr. Calyonnides explains that the measuring step is the

---

[6] *See* Case No. 13-01776: Docket No. 158 at 2.

[7] Case No. 13-01776: Docket No. 314-5 at 9.

[8] *See* Case No. 13-01776: Docket No. 314-5 at 5-7.

[9] *See* Case No. 13-01776: Docket No. 314-5 at 8.

[10] *See id.* at 5.

4
Case Nos.: 5:13-cv-01776; -01777; -01778; -01844; -02023
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

first step performed by each accused product, separate from the other two steps.[11] From this measurement, the product can select a set of candidate subcarriers by assembling a 3-0 or 3-1 report with the wideband CQI and differential CQI.[12] The device then provides feedback by sending the relevant report to the base station.[13] Thus, the record provides evidence of the accused functionality performing both the "measuring" and "selecting" steps with distinct processes.

*Third*, Verizon's expert also testified that subcarriers are chosen in Mode 3 when the differential CQI is reported for each subcarrier in a subband:

> Q. Okay. And so a CQI – a differential CQI is reported back is for each subband. Correct?
> A. Yes.
> Q. And each subband, as you said, is comprised of multiple subcarriers?
> A. Yes.
> Q. And so the differential CQI for that subband is an indication of the channel quality for those subcarriers that the phone chooses to report back to the base station?
> A. Yes. There a collective – collectively for those subcarriers.
> Q. Right.[14]

In addition to their own evidence to the contrary, Defendants argue that the asserted method is inherently devoid of choice because the Mode 3 standard dictates that the CQI for all subcarriers be reported.[15] While Defendants make a clever argument, that argument cannot be squared with one of the embodiments of the patent that specifically envisions feedback on all subcarriers.[16] In particular, the specification teaches that "[i]n one embodiment, each subscriber measures the SINR of each subcarrier cluster and reports these SINR measurements to their base station through an access channel."[17] The specification goes on to state "[t]he number of clusters selected may

---

[11] Case No. 13-01776: Docket No. 339-1 at ¶ 24.

[12] *Id.* at ¶ 25.

[13] *Id.* at ¶ 26.

[14] Case No. 13-01776: Docket No. 339-6 at 78:18-79:5.
[15] *See* Case No. 13-01776: Docket No. 314-5 at 11; Docket No. 339 at 4.

[16] *See* Case No. 13-01776: Docket No. 1-2 at col. 3, ll. 7-12 ("The feedback may comprise channel and interference information . . . on all subcarriers or just a portion of subcarriers.").

[17] Case No. 13-01776: Docket No. 339-3 at col. 5, ll. 53-55.

5
Case Nos.: 5:13-cv-01776; -01777; -01778; -01844; -02023
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT

depend on the feedback bandwidth and the request transmission rate. In one embodiment, the subscriber always tries to send the information about as many clusters as possible from which the base station chooses."[18] When discussing FIG 3, the specification states, "[i]n one embodiment, the SINR on each cluster is reported to the base station through an access channel."[19]

      Defendants also try to support their gloss on what qualifies as "selecting" by citing to the Federal Circuit's decision in *Move, Inc. v. Real Estate Alliance Ltd.* because the patent at issue there also claimed "selection."[20] But there, the court's construction of "selection" in the case was "the user or computer chooses an area having boundaries," such that the user did the "selecting" of less than all.[21] In this case, by contrast, the patent contains specific examples of the wireless devices selecting all subcarriers.

      In the end, the court must allow a jury to decide whether reporting all is an absence of choice or a choice in its fullest expression.

### IV.

Defendants' motion for summary judgment of non-infringement is DENIED.

**SO ORDERED.**

Dated: January 15, 2015

                                                               PAUL S. GREWAL
                                                                United States Magistrate Judge

---

[18] *Id.* at col. 7, ll. 54-58.

[19] *Id.* at col. 8, ll. 63-65.

[20] Case No. 13-01776: Docket No. 314-5 at 14.

[21] *Move, Inc. v. Real Estate Alliance Ltd.*, 709 F.3d 1117, 1121 (Fed. Cir. 2013).

Case Nos.: 5:13-cv-01776; -01777; -01778; -01844; -02023
ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT