United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ADAPTIX, INC.,

Plaintiff,

v.

APPLE INC., et al.,

Defendants.

Case No. 5:13-cv-01776-PSG

**OMNIBUS ORDER RE: MOTIONS TO SEAL**

**(Re: Docket Nos. 426, 428, 430, 432, 443, 447, 449, 455, 456, 458, 468)**

ADAPTIX, INC.,

Plaintiff,

v.

APPLE INC., et al.,

Defendants.

Case No. 5:13-cv-01777-PSG

**OMNIBUS ORDER RE: MOTIONS TO SEAL**

**(Re: Docket Nos. 495, 498, 500, 507, 510, 512, 519, 520, 522, 530)**

ADAPTIX, INC.,

Plaintiff,

v.

AT&T MOBILITY LLC., et al.,

Defendants.

Case No. 5:13-cv-01778-PSG

**OMNIBUS ORDER RE: MOTIONS TO SEAL**

**(Re: Docket Nos. 423, 426, 433, 436, 438, 445, 446, 447, 453)**

**United States District Court**
For the Northern District of California

| | |
|---|---|
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP *d/b/a* Verizon Wireless, et al.,<br><br>Defendants. | Case No. 5:13-cv-01844-PSG<br><br>**OMNIBUS ORDER RE: MOTIONS TO SEAL**<br><br>**(Re: Docket Nos. 392, 394, 396, 403, 406, 408, 414, 415, 416, 424)** |
| ADAPTIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., et al.,<br><br>Defendants. | Case No. 5:13-cv-02023-PSG<br><br>**OMNIBUS ORDER RE: MOTIONS TO SEAL**<br><br>**(Re: Docket Nos. 467, 470, 472, 480, 483, 485, 492, 493, 495, 501)** |

Before the court are fifty administrative motions to seal several documents. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[1] Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point."[2] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[3]

However, "while protecting the public's interest in access to the courts, we must remain mindful of the parties' right to access those same courts upon terms which will not unduly harm their competitive interest."[4] Records attached to nondispositive motions therefore are not subject

---

[1] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

[2] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[3] *Id.* at 1178-79.

[4] *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1228-29 (Fed. Cir. 2013).

**United States District Court**
For the Northern District of California

to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and

---

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana*, 447 F.3d at 1179-80.

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

With these standards in mind, the courts rules on the instant motions as follows:

| Motion to Seal | Document to be Sealed | Result | Reason/Explanation |
|---|---|---|---|
| | | **Case No. 13-1776** | |
| 426 | Exhibit B-1 to Apple's Bill of Costs | Designations highlighted in yellow at Docket No. 426-3 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 428 | Exhibit B-1 to the Declaration of S. Dennis Wang in Support of Verizon's Bill of Costs | Designations highlighted in yellow at Docket No. 428-4 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 428 | Exhibit B-2 to the Declaration of S. Dennis Wang in Support of Verizon's Bill of Costs | Designations highlighted in yellow at Docket No. 428-6 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 430 | Defendants' Motion for Attorneys' Fees | Designations highlighted in blue, red and green at Docket No. 430-5 and designations highlighted in yellow at 5:20-6:1, 10:7-12:11, 15:4-19 at Docket No. 434-1 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 430 | Exhibit 1 | SEALED | |
| 430 | Exhibit 6 | UNSEALED | No declaration in support filed with the |

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1). The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| | | | court as required by Civ. L.R. 79-5(e)(1). |
| 430 | Exhibit 7 | UNSEALED | Only sealed portions narrowly tailored to confidential business information. |
| 430 | Exhibit 8 | Designations highlighted in yellow at Docket No. 434-3 SEALED except designations highlighted in yellow at 453:8-19, 458:14-15, 459:5-6, 459:11, 459:15-18, 463:11-15, 464:3-23; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 430 | Exhibit 9 | SEALED | |
| 430 | Exhibit 10 | Designations highlighted in green at Docket No. 430-11 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 430 | Exhibit 11 | Designations highlighted in red at Docket No. 430-12 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 430 | Exhibit 12 | Designations highlighted in yellow, green and purple at Docket No. 430-13 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 430 | Exhibit 13 | Designations highlighted in yellow and purple at Docket No. 430-14 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 430 | Exhibit 14 | SEALED | |
| 430 | Declaration of Christopher A. Hughes | Designations highlighted in red at Docket No. 430-16 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 430 | Declaration of Bryant C. Boren, Jr. | Designations highlighted in red at Docket No. 430-17 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 432 | Exhibit 2 – Defendants' Motion for Attorneys' Fees | Designations highlighted in red blue and green at Docket No. | Only sealed portions narrowly tailored to |

| | | | |
|---|---|---|---|
| | | 432-2 SEALED; all other designations UNSEALED. | confidential business information. |
| 443 | Adaptix's Opposition to Motion for Attorneys' Fees | Designations highlighted in yellow at Docket No. 443-3 and designations highlighted in green at Docket Nos. 453-1 and 454-1 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 443 | Declaration of Nigel Jones | Designations highlighted in green at Docket No. 454-2 SEALED; all other text UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 443 | Exhibit C | SEALED | |
| 443 | Exhibit F | Designations highlighted in yellow at Docket No. 443-6 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 443 | Exhibit G | Designations highlighted in green at Docket No. 454-3 SEALED; all other designations UNSEALED | Only sealed portions narrowly tailored to confidential business information. |
| 443 | Exhibit H | Designations highlighted in green at Docket No. 454-4 SEALED; all other designations UNSEALED | Only sealed portions narrowly tailored to confidential business information. |
| 447 | Adaptix's Objections to Apple's Bill of Costs | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 449 | Adaptix's Objections to Cellco Partnership d/b/a Verizon Wireless' Bill of Costs | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 455 | Exhibit 1 –Adaptix's Opposition | Designations highlighted in yellow at Docket No. 455-2 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 455 | Exhibit 2 – Declaration of Nigel Jones | Designations highlighted in yellow at Docket No. 455-3 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 455 | Exhibit 3 – Exhibit C | Designations highlighted in red | Only sealed portions |

| | | | |
|---|---|---|---|
| | | at Docket No. 455-4 SEALED; all other designations UNSEALED. | narrowly tailored to confidential business information. |
| 455 | Exhibit 4 – Exhibit G | Designations highlighted in red at Docket No. 455-5 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 456 | Attachment 1 – Adaptix's Opposition to Defendants' Motion for Attorney's Fees | Designations highlighted in blue at Docket No. 456-2 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 456 | Attachment 2 – Exhibit H | Designations highlighted in blue at Docket No. 456-3 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 458 | Defendants' Reply in Support of Motion for Attorneys' Fees | Designations highlighted in blue and yellow at Docket No. 458-5 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| 468 | Defendants' Reply in Support of Motion for Attorneys' Fees | Designations highlighted in orange at Docket No. 468-3 SEALED; all other designations UNSEALED. | Only sealed portions narrowly tailored to confidential business information. |
| **Case No. 13-1777** | | | |
| 495 | Exhibit B-1 to Apple's Bill of Costs | See entry re Case No. 13-1776: Docket No. 426. | |
| 498 | Defendants' Motion for Attorneys' Fees and Exhibits | See entry re Case No. 13-1776: Docket No. 430. | |
| 500 | Exhibit 2 – Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 432. | |
| 507 | Adaptix's Opposition to Motion for Attorneys' Fees and Exhibits | See entry re Case No. 13-1776: Docket No. 443. | |
| 510 | Adaptix's Objections to Apple's Bill of Costs | See entry re Case No. 13-1776: Docket No. 447. | |
| 512 | Adaptix's Objections to AT&T's Bill of Costs | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |



United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| 519 | Materials Regarding Adaptix's Opposition to Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 455. | |
| 520 | Materials Regarding Adaptix's Opposition to Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 456. | |
| 522 | Defendants' Reply in Support of Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 458. | |
| 530 | Defendants' Reply in Support of Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 468. | |
| **Case No. 13-1778** | | | |
| 423 | Defendants' Motion for Attorneys' Fees and Exhibits | See entry re Case No. 13-1776: Docket No. 430. | |
| 426 | Exhibit 2 – Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 432. | |
| 433 | Adaptix's Opposition to Motion for Attorneys' Fees and Exhibits | See entry re Case No. 13-1776: Docket No. 443. | |
| 436 | Adaptix's Objections to HTC's Bill of Costs | UNSEALED | No declaration in support filed with the court as required by Civ. L.R. 79-5(e)(1). |
| 438 | Adaptix's Objections to AT&T's Bill of Costs | See entry re Case No. 13-1777: Docket No. 512. | |
| 445 | Materials Regarding Adaptix's Opposition to Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 455. | |
| 446 | Materials Regarding Adaptix's Opposition to Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 456. | |
| 447 | Defendants' Reply in Support of Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 458. | |

| | | | |
|---|---|---|---|
| 453 | Defendants' Reply in Support of Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 468. | |
| **Case No. 13-1844** | | | |
| 392 | Exhibits to Declaration of S. Dennis Wang in Support of Verizon's Bill of Costs | See entry re Case No. 13-1776: Docket No. 428. | |
| 394 | Defendants' Motion for Attorneys' Fees and Exhibits | See entry re Case No. 13-1776: Docket No. 430. | |
| 396 | Exhibit 2 – Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 432. | |
| 403 | Adaptix's Opposition to Defendants' Motion for Attorneys' Fees and Exhibits | See entry re Case No. 13-1776: Docket No. 443. | |
| 406 | Adaptix's Objections to HTC's Bill of Costs | See entry re Case No. 13-1778: Docket No. 436. | |
| 408 | Adaptix's Objections to Defendant Cellco Partnership d/b/a Verizon Wireless' Bill of Costs | See entry re Case No. 13-1776: Docket No. 449. | |
| 414 | Materials Regarding Adaptix's Opposition to Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 455. | |
| 415 | Materials Regarding Adaptix's Opposition to Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 456. | |
| 416 | Defendants' Reply in Support of Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 458. | |
| 424 | Defendants' Reply in Support of Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 468. | |
| **Case No. 13-2023** | | | |
| 467 | Exhibit B-1 in support of | See entry re Case No. 13-1776: | |

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

| | | | |
|---|---|---|---|
| | Apple's Bill of Costs | Docket No. 426. | |
| 470 | Defendants' Motion for Attorneys' Fees and Exhibits | See entry re Case No. 13-1776: Docket No. 430. | |
| 472 | Exhibit 2 – Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 432. | |
| 480 | Adaptix's Opposition to Motion for Attorneys' Fees and Exhibits | See entry re Case No. 13-1776: Docket No. 443. | |
| 483 | Adaptix's Objections to Apple's Bill of Costs | See entry re Case No. 13-1776: Docket No. 447. | |
| 485 | Adaptix's Objections to AT&T's Bill of Costs | See entry re Case No. 13-1777: Docket No. 512. | |
| 492 | Materials Regarding Adaptix's Opposition to Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 455. | |
| 493 | Materials Regarding Adaptix's Opposition to Defendants' Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 456. | |
| 495 | Defendants' Reply in Support of Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 458. | |
| 501 | Defendants' Reply in Support of Motion for Attorneys' Fees | See entry re Case No. 13-1776: Docket No. 468. | |

**SO ORDERED.**

Dated: March 23, 2015

PAUL S. GREWAL
United States Magistrate Judge